UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                         Case No. 22-43789

TORRI L. WILLIAMS,                         Chapter 7

            Debtor.                                 Judge Thomas J. Tucker
_____/

**ORDER STRIKING CERTIFICATES OF NO RESPONSE (DOCKET ## 48, 50)**

On September 12, 2022, the Chapter 7 Trustee filed a motion entitled "Motion for Order Authorizing Sale of Property Free and Clear of Liens, Claims and Interests, Payment of Real Property Taxes, and Closing Costs at Closing and for Other Relief" (Docket # 43, the "Sale Motion"). The Sale Motion sought entry of "an order, pursuant to Fed. R. Bankr. P. 6004(c) and 11 U.S.C. §§ 363(b) & 363(f), authorizing the sale of real property located at 18211 Redfern St., Detroit, Michigan 48219 free and clear of all liens, claims, and interests, and to pay real property taxes, and closing costs at closing and for other relief." (*Id.* at 1.) The Chapter 7 Trustee filed and served a 14-day notice of the Sale Motion. (*See* Docket # 43 at pdf. p. 11)

On October 3, 2022, the Chapter 7 Trustee filed a Certificate of No Response which stated that "[t]he [Sale] Motion was filed with the Court on September 12, 2022 was served upon all interested parties on September 12, 2022 as evidenced by the previously filed Certificate of Service" (Docket # 48). Later on October 3, 2022, the Clerk issued a "Notice of Deficient Filing" stating that the Sale Motion is defective "because a 14-day notice was served when a 21-day notice is required" (Docket # 49).

On October 4, 2022, the Chapter 7 Trustee filed an "Amended Certificate of No Response" which, in relevant part argued that only a 14-day notice of the Sale Motion, not a 21-day notice, was required:

> The Trustee's fourteen (14) day notice that accompanied the sale motion was proper in accordance with E.D. Mich. LBR 6004-1(a) and Fed. R. Bankr. P. 2002(a)(2). Fed. R. Bankr. P. 2002(a)(2) provides for a 21 day notice by mail of a proposed sale, not a 21 day notice of the hearing or time to object. In this case, the debtor, trustee and creditors were given 14 days plus 3 days mailing to object to the sale motion. Parties in interest enjoyed 21 days' notice of the November 15, 2022 deadline for closing the sale under the purchase agreement attached to the Motion.

(Docket # 50).

The Court disagrees with the Trustee's argument in the Amended Certificate of No Response. The two certifications of no response were filed prematurely, because a 21-day notice of the Sale Motion, not a 14-day notice, was required. This is so for the following reasons.

1. L.B.R. 6004-1(b) (E.D. Mich.) applies to the Sale Motion; not L.B.R. 6004-1(a), which only applies to a sale by notice. A sale by notice rather than by motion cannot be used when the movant seeks to sell free and clear of liens and interests, as in this case. In that situation, Fed. R. Bankr. P. 6004(b) requires a motion under Rule 9014.

2. L.B.R. 6004-1(b) requires the sale motion to be filed "under Local Rule 9014-1."

3. L.B.R. 9014-1(b) says, in relevant part, that for a motion under Rule 9014-1, the deadline to respond to the motion is "21 days after service for matters covered by F.R.Bank.P. 2002(a)." *See also* LBR 9014-1(c)(2) (requiring a 21 day notice to be attached to the motion in that situation).

4. The Sale Motion at issue is "covered by" Fed. R. Bankr. R. 2002(a) — specifically, Rule 2002(a)(2).

5. Therefore, the response deadline for this Sale Motion is 21 days after service of the notice of the Sale Motion, and a 21 day notice was required.

The Notice of the Sale Motion stated that responses to the Sale Motion must be filed "within fourteen (14) days from the date of service" of the Sale Motion. But that was not correct. Because a 21 day notice was required but was not filed and served, the Court Clerk correctly issued the notice of deficiency. And the certificates of response at issue were filed prematurely.

2

Accordingly,

IT IS ORDERED that the two certificates of no response (Docket ## 48, 50) are stricken.

**Signed on October 7, 2022**



/s/ Thomas J. Tucker
**Thomas J. Tucker
United States Bankruptcy Judge**